UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHNNY L. MCGOWAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   3:12-CV-263-TAV-CCS |
| | ) | |
| SHEILA RUIZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On May 31, 2012, Plaintiff filed a civil rights claim pursuant to 42 U.S.C. § 1983 against twelve defendants associated with the Tennessee Department of Correction. During the pendency of this action all defendants except George King and W. Potter, whose process was returned unserved based on the fact that neither individual still works at the Morgan County Correctional Complex [Docs. 54, 55], have been served process. Before the Court now are Plaintiff's motions for appointment of counsel [Doc. 58], to compel discovery [Docs. 58], and to ensure service of process on Defendant King and Defendant Potter [Doc. 59]. Those defendants served with process ("Defendants") have filed a joint memorandum in opposition to Plaintiff's motions for appointment of counsel and to compel discovery [Doc. 60]. Plaintiff has filed a second memorandum in reply to the response [Doc. 61].

### I.    MOTION FOR APPOINTMENT OF COUNSEL

Without citation to specific facts or circumstances in support of his motion, Plaintiff requests the court appoint counsel to represent him in the current § 1983 action [Doc. 58 p. 1]. Defendants have filed a joint memorandum in opposition to such appointment based on the simplicity of legal and factual issues presented [Doc. 60 p. 1].

The appointment of counsel in a civil case is a matter within the discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of Plaintiff's motions, including the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim, this Court is of the opinion that counsel is not necessary at this time to ensure Plaintiff's claims are fairly heard. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motion for appointment of counsel [Doc. 58] is **DENIED**.

## II. MOTION TO COMPEL DISCOVERY

In addition to the forgoing, Plaintiff requests the Court issue an order compelling the production certain requested information [*Id.*]. While he does not expressly designate which prior requests he would like the Court to compel, Plaintiff has attached Defendants' response to his first request for production of documents and presumably seeks an order compelling the production of all documents to which Defendants objected therein [Doc. 58-1]. Defendants respond in opposition to the motion based on the fact that all of Plaintiff's requests received an answer, objection, assertion of lack of knowledge, or invocation of privilege [Doc. 60]. Specifically, Defendants objected to the production of Defendants' arrest records on relevance grounds [Doc. 58-1 ¶ 3], complete and exact copies of Defendants' employee files on relevance grounds [*Id.* ¶ 4], and complete and exact copies of Plaintiff's institutional file and grievance complaints based on over breadth and undue burden [*Id.* ¶ 5]. Defendants claim despite offers "to provide documents from a specific time frame, or which were more narrowly tailored to the issues . . . in this case, . . . Plaintiff did not attempt to provide revised requests" [*Id.*].

Rule 37(a) of the Federal Rules of Civil Procedure provides, on "notice to other parties[,] . . . a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). As a prerequisite to any such order however, a movant must "include [in his motion] a

2

certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Because he has failed to append any such certificate or affidavit, Plaintiff's motion to compel discovery is **DENIED**.

### III. MOTION TO ENSURE SERVICE OF PROCESS

Plaintiff's motion to ensure service of process [Doc. 59] is the third in a series of such motions filed to effectuate process on the twelve named defendants. After an initial attempt at service, the Court granted Plaintiff's original "motion for assistance" by directing the Clerk to issue alias summons for the five defendants left unserved [Doc. 36]. While Defendant Foster and Defendant Auger subsequently returned executed summons [Docs. 42, 43], Defendant James, Defendant King, and Defendant Potter's process was returned unexecuted for a second time [Docs. 39, 40, 41]. In response to the unexecuted returns, the Court granted Plaintiff's renewed motion for court ordered service of process [Doc. 52]. Defendant James's summons was executed [Doc. 53], but Defendant Potter's and Defendant King's summons were returned unexecuted for a third time; both listing "no longer works at Morgan County" as the reason for their return [Doc. 54 p. 1; Docs. 55 p. 1].

Based on the forgoing, Plaintiff's renewed motion for court ordered service of process is **GRANTED**. The Warden of the Morgan County Correctional Complex is hereby **ORDERED** to provide the United States Marshals Service with the last known addresses of Correctional Officer George King and Correctional Officer W. Potter. The United States Marshals Service is in turn **DIRECTED** to personally serve copies of the summons and complaint upon Correctional

Officer George King and Correctional Officer W. Potter at the last known addresses provided or wherever they may be found.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE