UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHNNY L. MCGOWAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHEILA RUIZ, B. FOSTER, )<br>BRANDY HUTSON, FRED JAMES, )<br>CORPORAL BRUGLIO, )<br>KRISTOPHER STEWART, L. AUGER, )<br>GEORGE KING, BILL KING, W. POTTER, )<br>DOUG COOK, and R. DEAN HALL, )<br>)<br>Defendants. ) | No.: 3:12-CV-263-TAV-CCS |

## **MEMORANDUM AND ORDER**

This is a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983. Now before the Court is a motion for default judgment [Doc. 75] filed by Plaintiff. For the reasons set forth below, this motion is **DENIED** as to Defendant Hall and **DENIED without prejudice** as to Defendant Potter.

On December 3, 2015, the Court entered an order in which it "noted that summons[es] have been returned as executed for Defendants R. Dean Hall [Doc. 7] and W. Potter [Doc. 71], but that no answer or other responsive pleading has been filed by these Defendants" [Doc. 75 p. 2]. Accordingly, the Court ordered that that, within twenty-one days of the date of entry of that order, Defendants should file an answer or other response to the complaint, Plaintiff should request that the Clerk enter the party's default, or Plaintiff should show cause as to why this action shall not be dismissed as to those Defendants [*Id.*].

On December 18, 2015, Plaintiff filed a motion for default judgment [Doc. 76]. On December 29, 2015, however, counsel for other Defendants in this matter filed a notice of

appearance on behalf of Defendant Hall, as well as an answer to the complaint. Counsel also filed a motion in opposition to the motion for default judgment on behalf of Defendant Hall in which counsel states that, after the Court's December 3, 2015, order regarding Defendants Hall and Potter, she contacted Defendant Hall at his last known address and received a letter from him in which he asserted that he was never served with a copy of the lawsuit, as an official at the prison signed for such documents, and that he therefore was unaware of the substance of the lawsuit [Doc. 79]. In an affidavit attached to this response, counsel for Defendants testifies that she had never received a request for representation from Defendant Hall and that any delay in locating and representing Defendant Hall was unintentional and not meant to delay timely adjudication of the matter [Doc. 79-1]. None of these filings mention Defendant Potter, however, and Defendant Potter has not filed any response to the Court's order or Plaintiff's motion for default judgment.

Default is disfavored in the federal court system. *See United Coin Meter Co., Inc., v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (holding that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases"). Federal courts favor trials on the merits, thus "[a]ny doubt should be resolved in favor of" a decision on the merits. *Id.* at 846 (quoting *Rooks v. Am. Brass Co.*, 263 F.2d 166,169 (6th Cir. 1959)) (internal quotations and citations omitted). As Defendant Hall has presented good cause to excuse his default, Plaintiff's motion for default judgment as to Defendant Hall is **DENIED**.

As set forth above, however, Defendant Potter has not filed a response to the Court's order or a response to Plaintiff's motion for default judgment. As Plaintiff has not filed a motion for entry of default by the Clerk, however, Plaintiff's motion for default judgment against

Defendant Potter is premature. Fed. R. Civ. P. 55. Accordingly, Plaintiff's motion for default judgment as to Defendant Potter is **DENIED without prejudice**.

Also, in reviewing the docket sheet for this case, it is apparent that two attempts to serve Defendant George King by mail were unsuccessful [Docs. 18, 40], that the Court therefore ordered that the Warden of Morgan County Correctional Complex ("MCCX") provide the United States Marshal Service with the last known address for Defendant George King so that the Marshals could personally serve him with process [Doc 52], and that on September 10, 2015, counsel for Defendants filed a notice with the Court indicating that MCCX does not have any record of a current or former employee named George King, as well as an affidavit in support thereof [Docs. 69 and 69-1]. Plaintiff has not responded to this notice, nor has he provided any additional information regarding the individual in the complaint named as George King. Accordingly, George King is **DISMISSED** from this action. Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

**E N T E R**:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 3:12-cv-00263-TAV-CCS   Document 80   Filed 01/15/16   Page 3 of 3   PageID #: 387